Submitted on record and briefs September 7, reversed October 17, 2007

In the Matter of J. C.,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

J. C.,
*Appellant.*

Multnomah County Circuit Court
060766878; A133044

170 P3d 1083

Lance D. Perdue filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Michael C. Livingston, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

In this mental commitment case, appellant contends that the trial court erred in denying his request for a setover and thereafter conducting a mental commitment hearing in the hallway of a hospital while appellant was naked in a hospital room, in the midst of a medical crisis, and unable to hear or participate meaningfully in the entire proceeding. Appellant also contends that the trial court erred in finding that, because of a mental disorder, he is dangerous to himself and others, and presently unable to provide for his basic needs. ORS 426.005(1)(d).

On appeal, the state concedes that the trial court abused its discretion in denying appellant's request for a continuance. On *de novo* review, we agree and accept that concession. In this case, counsel requested that the court grant a continuance because appellant was suffering from dehydration and possible renal failure and would be better able to participate in the hearing after his immediate physical crisis was addressed. The trial court denied that request because of concerns about defendant's resistance to treatment of his deteriorating physical condition. ORS 426.095(2)(c) permits a continuance of up to five judicial days for "good cause" in order to allow preparation for a hearing. That statute further allows the court to "make orders for the care and custody of the person during a postponement * * *." *Id.* We agree with the parties that appellant showed good cause for a continuance, and that, given the trial court's ability under ORS 426.095(2)(c) to "make orders for [appellant's] care" in the interim, the court abused its discretion in denying the requested continuance.

Reversed.